IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 21, 2003 Session

## STATE OF TENNESSEE v. DEXTER LEE SPENCE

**Appeal from the Criminal Court for Sevier County**
**No. 8536     Rex Henry Ogle, Judge**

_____

**No. E2002-02193-CCA-R3-CD**
**June 4, 2003**
_____

The defendant, Dexter Lee Spence, entered a guilty plea to second degree murder.  The trial court imposed a twenty-five-year sentence.  In this appeal of right, the defendant argues that the sentence was excessive. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Edward C. Miller, District Public Defender, for the appellant, Dexter Lee Spence.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; and Steven R. Hawkins, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 17, 2001, the ninety-six-year-old victim, Alleen Stansberry, was fatally shot in the head.  On the following day, a neighbor discovered her body within six feet of the door to her residence.  Because the defendant had been seen in the area of the victim's residence on the date of the shooting, he was questioned by law enforcement officers.  Although the defendant claimed that his shotgun had accidently discharged when he stopped at the residence to ask the victim for permission to hunt on her property, Dr. Cleland Blake, a forensic pathologist, concluded that the path of the wound was in a downward motion through the body of the victim.  It was his opinion that the victim was falling as she was shot and that the barrel of the weapon was no more than a foot away when it discharged.

The defendant, who pled guilty to second degree murder as charged in the indictment, was twenty years old at the time of his plea.  He had completed the eleventh grade before dropping out of school.  The presentence report indicates that the defendant had committed several juvenile offenses beginning as early as age 13, including four separate theft offenses, two malicious mischief

offenses, an aggravated burglary, and two probation violations. As an adult, the defendant was charged with misdemeanor theft, which resulted in the deferral of a disposition upon the payment of costs and the issuance of a restraining order. He was sentenced to thirty days' probation and fifty hours of community service for a criminal trespass conviction.

At the sentencing hearing, Dr. Eric S. Engum, a clinical psychologist specializing in neuropsychology and forensic psychology, testified that he had performed an evaluation of the defendant. Dr. Engum concluded that the defendant had an I.Q. of 83 and performed at a fifth-grade level. The defendant had a long history of impulse control difficulties and had received treatment at Family Ministries, Peninsula Psychiatric Hospital, and the Youth Emergency Shelter. There were indications of attention deficit disorder, immaturity, and family instability. The defendant exhibited severe behavioral problems after being sexually assaulted by three older boys at a residential facility and was transferred from Family Ministries to Peninsula Psychiatric Hospital. Dr. Engum concluded that the defendant was not psychotic but had the social and emotional development of only a ten- or eleven-year-old. It was his opinion that although the defendant had a major depressive disorder which required treatment, he was competent to stand trial, understood the nature of the legal proceedings, and was able to effectively interact with his attorney. Dr. Engum conceded that the defendant was fully aware of his behavior and capable of appreciating the wrongfulness of his actions.

The trial court found three enhancement factors under Tennessee Code Annotated section 40-35-114:[1]

> (1) The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
> (4) a victim of the offense was particularly vulnerable because of age or physical or mental disability; and
> (9) the defendant possessed or employed a firearm, explosive device, or other deadly weapon during the commission of the offense.

Tenn. Code Ann. § 40-35-114(1), (4), (9) (1997).

In mitigation, the trial court made the following observations:

> [T]his young man does not possess the normal attributes of the average citizen. And he does have some serious psychological problems. And this [c]ourt does take that into consideration. However, because of the range of punishment and starting at the midpoint of this, the [c]ourt does so find that the enhancement factors by far and away dominate . . . any mitigation in this sentence.

---

[1] Effective July 4, 2002, the legislature has amended Tennessee Code Annotated section 40-35-114 by renumbering original enhancement factors (1) thru (2) and including as enhancement factor (1) that "the offense was an act of terrorism, or was related to an act of terrorism."

*                          *                          *

I gave him some weight for his mental deficiencies, but find that the aggravating factors so outweigh any mitigating factors that, in effect, there are none.

In this appeal, the defendant argues that the following mitigating factors are applicable under Tennessee Code Annotated section 40-35-113:

> (3) Substantial grounds exist tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
> (6) the defendant, because of his youth, lacked substantial judgment in committing the offense;
> (8) the defendant was suffering from a mental condition that significantly reduced his culpability for the offense.

See Tenn. Code Ann. § 40-35-113(3), (6), (8). The defendant also asserts that the trial court should have attributed more weight to the mitigating factors, particularly his relative youth and his mental condition.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).

In calculating the sentence for a Class A felony conviction, the presumptive sentence is the midpoint within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court shall set the sentence at or above the midpoint. Tenn. Code Ann. § 40-35-210(d). If there are mitigating factors but no enhancement factors, the trial court shall set the sentence at or below the midpoint. Id. A

sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

In this case, the record establishes that the trial court addressed the appropriate sentencing principles. The trial judge concluded that the applicable enhancement factors so outweighed any mitigation to which the defendant was entitled because of his youth, lack of judgment, or mental condition that a twenty-five-year sentence, the maximum within the range, was appropriate. Although the defendant's diminished mental condition would not justify a brutal murder of this nature, the record establishes that he may have lacked judgment due to his youth or mental condition. It is our view, however, that while this court and perhaps others might have imposed a more lenient sentence due to the existence of mitigating factors, the trial court acted within its discretionary authority by attributing limited weight to those factors.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE